U.S. DISTRICT COURT FILED SEP 20 2018 DS S.D. OF N.Y.

ORIGINAL

Approved: [signature]
SHEB SWETT
Assistant United States Attorney

Before: THE HONORABLE ONA T. WANG
United States Magistrate Judge
Southern District of New York

18 MAG 8018

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>FRANKLIN GUTIERREZ,<br><br>Defendant. | **COMPLAINT**<br><br>Violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)<br><br>COUNTY OF OFFENSE: BRONX |

SOUTHERN DISTRICT OF NEW YORK, ss.:

TYLER DAVILA, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

COUNT ONE

1. On or about September 19, 2018, in the Southern District of New York and elsewhere, FRANKLIN GUTIERREZ, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2. The controlled substance involved in the offense was one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3. I am a Special Agent with HSI. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my review of law enforcement records and reports, I have learned, among other things, the following:

a. Over approximately the past four months, law enforcement identified a group of approximately ten suspicious parcels (the "Parcels") that fit a distinctive pattern. The Parcels were all shipped by a parcel company (the "Parcel Company") from an individual in Mexico ("Individual-1") to mailbox ("Mailbox-1") belonging to a business based in Manhattan, New York ("Business-1") and located at a Parcel Company store in New Rochelle, New York ("Store-1"). The Parcels all weighed between two and six pounds, and the Parcels all listed the contents as "paper," "plastic," "mouse [sic] bottles" or "most [sic] bottles."

b. On or about September 18, 2018, law enforcement identified a parcel ("Parcel-1") matching the characteristics of the Parcels. For instance, Parcel-1 was sent by Individual-1 to Mailbox-1 on behalf of Business-1. Additionally, the listed contents of Parcel-1 were "plastic bottles of mouse, paper." Parcel-1 weighed approximately four pounds.

c. On or about September 18, 2018, law enforcement met with a certified narcotics detection canine handler with the New York City Police Department (the "NYPD Officer"). The NYPD Officer exposed Parcel-1 to his trained canine for exterior inspection and review. The canine alerted to the presence of narcotics in Parcel-1.

d. On the basis of the foregoing information, the Honorable Ona T. Wang, United States Magistrate Judge, signed a search warrant on or about September 19, 2018 to search Parcel-1 (the "Search Warrant").

5. Based on my involvement in the surveillance of Parcel-1, I have learned, among other things, the following:

e. On or about September 19, 2018, FRANKLIN GUTIERREZ, the defendant, went to Store-1, and retrieved Parcel-1 from Mailbox-1. After GUTIERREZ left Store-1, law enforcement approached GUTIERREZ. I observed that when the GUTIERREZ first realized that law enforcement was approaching him, he experienced urinary incontinence.

f. GUTIERREZ then stated, in sum and substance, that he was retrieving Parcel-1 on behalf of someone else and taking it to a location on Dyckman Avenue, in the Bronx, New York. Based on a review of publicly available information, it does not appear that Business-1 has any physical locations on Dyckman Avenue.

6. Law enforcement spoke with an employee of Store-1 who stated, in sum and substance, that the defendant has visited Store-1 on other occasions to retrieve the Parcels from Mailbox-1.

7. Pursuant to the Search Warrant, law enforcement searched the contents of Parcel-1, which contained several bottles containing liquids. Law enforcement conducted a field test on the contents of the bottles, which weighed approximately two kilograms. The contents in these bottles tested positive for the presence of heroin.

8. On or about September 19, 2018, while in law enforcement custody, GUTIERREZ made an unprompted admission that, in sum and substance, he was paid $400 to retrieve Parcel-1.

WHEREFORE, deponent respectfully requests that FRANKLIN GUTIERREZ, the defendant, be imprisoned or bailed, as the case may be.

TYLER DAVILA
Special Agent
Homeland Security Investigations

Sworn to before me this
September 20, 2018

THE HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK